# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL S. WORTHINGTON, | ) |
| Petitioner, | ) |
| v. | ) No. 4:05-CV-1102 CAS |
| DON ROPER, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion to authorize discovery. Respondent opposes the motion. Because the Court finds that petitioner has not met the requirements of 28 U.S.C. § 2254(e)(2), the Court will deny the motion.

**Background.**

Michael Shane Worthington is a state prisoner, currently incarcerated in the Potosi Correctional Center, under a sentence of death, for the murder of Melinda Griffin in October 1995. Petitioner pleaded guilty and was sentenced in the Circuit Court of St. Charles County, Missouri. The Missouri Supreme Court affirmed his sentence on direct appeal, and petitioner filed a motion for post conviction relief. The trial court held an evidentiary hearing on petitioner's post conviction motion in January 2003. In May 2003, the motion for post conviction relief was denied. Worthington appealed. The Missouri Supreme Court affirmed the denial of post conviction relief. See Worthington v. State, 166 S.W.3d 566 (Mo. banc 2005).

In August 2006, petitioner filed an application for a writ of habeas corpus, 28 U.S.C. § 2254, asserting seven claims for relief. Claim Nos. 2 and 3 concern the testimony of state witness Charlotte Peroti at the penalty phase hearing. Petitioner argues that Ms. Peroti testified falsely that petitioner

tried to rape her ten days before the crime at issue, and that she was working undercover for local law enforcement. On September 7, 2007, petitioner filed the instant motion seeking authorization to conduct discovery to support the allegations raised in Claim Nos. 2 and 3. Worthington requests discovery, by way of subpoena, production of documents, depositions, and requests for admissions or interrogatories from Ms. Peroti, the prosecutor, the clerk of the state trial court, and certain local law enforcement agencies.

**Discussion.**

"[A] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of § 2254 states that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." In order to show "good cause," a petitioner must present "specific allegations" that give the Court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908-08 (internal quotations omitted).

The parties disagree as to whether a petitioner's application for discovery pursuant to Rule 6 is further constrained by 28 U.S.C. § 2254(e)(2), which bars petitioners who failed to develop the factual basis for a claim in state court from doing so in federal court by way of an evidentiary hearing. Section 2254(e)(2) states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
> (A)  the claim relies on–
> (i)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii)  a factual predicate that could not have been previously discovered through

2

  the exercise of due diligence; and
  (B)  the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

  The state cites to the provisions of § 2254(e)(2), and argues that through the exercise of due diligence, petitioner or his post conviction counsel could have developed the factual record in support of Claim Nos. 2 and 3 that he now seeks to develop through discovery. Because petitioner failed to develop the factual basis of his claim in state court, the state contends § 2254(e)(2) prohibits petitioner from conducting the requested discovery. Petitioner argues that the claim was adequately developed in state court, and therefore § 2254(e)(2) does not limit discovery under Rule 6.

  The Eighth Circuit has held that when a petitioner seeks to introduce evidence in § 2254 proceedings pursuant to Rule 7, which governs motions to expand the record, the conditions prescribed by § 2254(e)(2) must be met. See Mark v. Ault, 498 F.3d 775, 788 (8th Cir. 2007) (citing cases that apply § 2254(e)(2) requirements to Rules 6 and 7).[1] "Under § 2254(e)(2), a habeas petitioner must develop the factual basis of his claim in the state court proceedings rather than in a federal evidentiary hearing unless he shows that his claim relies upon a new, retroactive law, or due diligence could not have previously discovered the facts." Id. (internal quotations omitted). "Federal courts may conduct evidentiary hearings and supplement the state record only in extraordinary

---

[1]Although Mark v. Ault, 498 F.3d 775 (2007), addressed the specific issue of whether a petitioner who seeks to introduce evidence pursuant to Rule 7 has to meet the conditions prescribed by § 2254(e)(2), the Court finds the ruling equally applicable to Rule 6. Rule 6 relates to motions for discovery, and Rule 7 relates to motions to expand the record. Courts have consistently held that petitioners seeking to introduce evidence pursuant to both rules must meet the conditions of § 2254(e)(2). See, e.g., Boyko v. Parke, 259 F.3d 781, 790 (7th Cir. 2001).

circumstances because of the obligation to defer to state courts' factual determinations." Hall v. Luebbers, 296 F.3d 685, 700 (8th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1) and (e)(2)). A federal habeas court is "not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." Williams v. Taylor, 529 U.S. 420, 437 (2000).

By its opening clause, § 2254(e)(2) only applies to prisoners who have "failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2); see also Williams, 529 U.S. at 430. Under § 2254(e)(2), a failure to develop the factual basis of a claim in state court is not established "unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Williams, 529 U.S. at 435. Petitioner is not at fault if he "made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." Id. For example, in instances in which a prisoner's efforts to pursue discovery were thwarted by the prosecutor or the state court or by happenstance, the federal court may consider whether good cause exists to allow discovery under Rule 6. See id. at 432; Briggs v. Wall, 2008 WL 185647, *2 (D. R.I. Jan. 18, 2008).

Applying the statutory test, the Court finds that petitioner lacked the diligence required at the relevant stages in the state proceedings, and has failed to develop the facts under § 2254(e)(2)'s opening clause. To develop the factual basis for Claim Nos. 2 and 3, petitioner seeks to subpoena Charlotte Peroti, Timothy Braun, the St. Charles County Clerk of Court, St. Louis County MEG Unit, St. Charles County MEG Unit, and the Lake St. Louis Police Department to testify and produce records related to Ms. Peroti. With the exception of filing a motion to allow inspection of Ms. Peroti's sealed criminal file (which was granted), petitioner and his counsel did not pursue this discovery in the state proceedings. See Resp. Ex. L at 875-928. Petitioner sought to depose at least

4

19 witnesses in the state proceedings, but never sought testimony from any of the individuals or entities he now seek to subpoena for testimony and records. See id. at 804-08. Nor has petitioner alleged any facts that suggest he made a reasonable attempt to investigate and pursue this information in the state court proceedings. Additionally, petitioner has made no showing that any of this information was unavailable at the time of petitioner's state court proceedings.

In fact, petitioner cites the Missouri Probation and Parole Pre-Sentence Investigation Report ("PSI"), dated September 29, 1998, as evidence that clearly indicated that Peroti's role as an undercover agent was fabricated. See Pet'r Reply at 3.[2] Based on the PSI alone, petitioner's state habeas counsel was on notice that Ms. Peroti had potentially perjured herself on the witness stand. Although counsel inspected Ms. Peroti's criminal file, it appears from the record that counsel made no efforts to subpoena Ms. Peroti or any of the law enforcement agencies for which she purportedly worked. Under the facts of this case, the Court finds that petitioner failed to exercise sufficient diligence in seeking this discovery in state court.

Because there was a failure to develop the factual basis of Claim Nos. 2 and 3 in state court, the Court must determine if the requirements in the remainder of § 2254(e)(2) are satisfied such that petitioner's failure would be excused. Petitioner has not shown that the claims rely on any new rule of constitutional law or a factual predicate that could not have been previously discovered through the exercise of due diligence, and he cannot avoid the statutory bar. See 28 U.S.C. 2254(e)(2)(A). Therefore, in light of § 2254(e)(2) and Rule 6(a), the Court concludes that petitioner is not entitled to an authorization to conduct discovery.

---

[2]The PSI also contains information that Ms. Peroti's allegations regarding the attempted rape were contradicted by petitioner. (Resp., Ex. V at 3554-3555).

5

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Michael S. Worthington's motion to authorize discovery is **DENIED**. [Doc. 39]

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 28th day of July, 2008.