# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

MICHAEL S. WORTHINGTON,       )
                              )
    Petitioner,              )
                              )
v.                            )    No. 4:05-CV-1102 CAS
                              )
DON ROPER,                    )
                              )
    Respondent.              )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's second motion to expand the record. Respondent opposes the motion. Because the Court finds that petitioner has not met the requirements of 28 U.S.C. § 2254(e)(2), the Court will deny the motion.

**Background.**

Michael Shane Worthington is a state prisoner, currently incarcerated in the Potosi Correctional Center, under a sentence of death for the murder of Melinda Griffin in October 1995. Petitioner pleaded guilty and was sentenced in the Circuit Court of St. Charles County, Missouri. The Missouri Supreme Court affirmed his sentence on direct appeal, and petitioner filed a motion for post conviction relief. The trial court held an evidentiary hearing on petitioner's post conviction motion in January 2002. In May 2003, the motion for post conviction relief was denied. Worthington appealed. The Missouri Supreme Court affirmed the denial of post conviction relief. See Worthington v. State, 166 S.W. 3d 566 (Mo. banc 2005).

In August 2006, petitioner filed an application for a writ of habeas corpus, 28 U.S.C. § 2254, asserting seven claims for relief. Claim No. 2 alleges ineffective assistance of counsel for failing to investigate and present evidence to rebut the state's aggravating evidence supporting a death

sentence. A significant component of this claim is the allegation that trial counsel was ineffective for failing to demonstrate that Dr. Max Givon's testimony that petitioner exhibited anti-social personality disorder relied on a falsity, i.e., that petitioner set his childhood friend Elex ("Butch") Mackey III on fire. Petitioner seeks to expand the record to include an affidavit from Butch Mackey stating that it was Butch's brother, Richy Mackey, and not Butch who was injured in the burning accident, and that petitioner was not involved.

**Discussion.**

Rule 7 of the Rules Governing § 2254 Cases authorizes a federal habeas court to expand the record to include additional material relevant to the petition. Rule 7 provides: "The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath, to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record." Rule 7(b), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

Section 2254(e)(2), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, limits a petitioner's ability to present new evidence through a Rule 7 motion to expand the record to the same extent that it limits the availability of an evidentiary hearing. See Mark v. Ault, 498 F.3d 775, 788 (8th Cir. 2007). Section 2254(e)(2) states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
> (A)   the claim relies on–
> (i)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii)   a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B)   the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

2

28 U.S.C. § 2254(e)(2).

When a petitioner seeks to introduce new affidavits never presented in state court, for the purpose of establishing the factual predicate of a claim, he must either demonstrate diligence in developing the factual basis in state court or satisfy the requirements of § 2254(e)(2)(A) and (B). The parties disagree on whether petitioner can demonstrate diligence in developing the factual basis of his claim in state court. Petitioner argues that § 2254(e)(2) is not a procedural impediment to the consideration of Butch Mackey's affidavit because the facts supporting the claim were adequately developed during the state post conviction proceedings through the testimony of Butch Mackey's parents. The state argues that § 2254(e)(2) bars consideration of the affidavit because nothing prevented petitioner or petitioner's counsel from presenting the statements in the Butch Mackey affidavit to the state court.

By its opening clause, § 2254(e)(2) only applies to prisoners who have "failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2); see also Williams v. Taylor, 529 U.S. 420, 430 (2000). Under § 2254(e)(2), a failure to develop the factual basis of a claim in state court is not established "unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Williams, 529 U.S. at 435. Petitioner is not at fault if he "made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." Id. For example, where a prisoner's efforts to pursue discovery were thwarted by the prosecutor, the state court, or by happenstance, the federal court may consider whether good cause exists to allow discovery under Rule 7. See id. at 432.

Several courts have found the provisions of § 2254(e)(2) prohibit the introduction of an

3

affidavit in federal habeas proceedings if petitioner knew of the existence of the information contained in the affidavit at the time of the state court proceedings, but did not present the affidavit to the state court. See, e.g., Cooper-Smith v. Palmateer, 397 F.3d 1236, 1241 (9th Cir. 2005) ("Although Petitioner knew of the existence of the information contained in the declaration and affidavit at the time of his state court proceedings, he did not present it during those proceedings. As a result Petitioner failed to develop the factual basis for his claim diligently."); Galvan v. Czerniak, 141 F. App'x 579, 579-80 (9th Cir. 2005) ("The district court did not err in refusing to expand the record to include the two affidavits from the two witnesses, because they were presented for the first time in federal court, and [petitioner] had neither presented them in state court nor justified the failure to do so."); Dowthitt v. Johnson, 230 F.3d 733, 758 (5th Cir. 2000) (counsel failed to present affidavits of family members that were easily obtained without court order and with minimal expense); cf. United States ex rel. Hampton v. Leibach, 347 F.3d 219, 233-34 (7th Cir. 2003) (evidentiary hearing allowed to consider affidavit not presented to state court where state court had denied petitioner's request for evidentiary hearing).

Petitioner's Claim No. 2 asserts counsel was ineffective for failing to rebut evidence that petitioner set Butch Mackey on fire, as reported in Dr. Max Givon's written report regarding petitioner's anti-social personality disorder. Petitioner seeks to expand the record to include an affidavit from Butch Mackey, stating that it was his brother, Richy, who was burned, and that petitioner had nothing to do with this incident. During the evidentiary hearing in state court, petitioner's counsel called Elex Mackey, Jr. and Beverly Mackey (Butch and Richy Mackey's parents) to testify regarding this incident. Both testified that it was Richy Mackey, and not Butch Mackey, who was burned. Neither were present when Richy was burned, but both testified over the state's

4

objection as to what Richy told them had happened. Both stated that Richy was burned accidentally by Butch and Butch's friend, Kevin, when the two boys were siphoning gas through a garden hose and lighting it on fire. The Mackeys testified that petitioner had nothing to do with this incident.

During the evidentiary hearing, petitioner's counsel sought twice to introduce an affidavit of Richy Mackey into evidence. Richy Mackey's affidavit was prepared while he was housed in the Fulton County jail in Lewiston, Illinois. Richy's father stated that at the time of the hearing Richy was in Canton, Illinois, but that he had outstanding warrants in Missouri and therefore would not attend the hearing. The state court did not allow the affidavit of Richy Mackey into evidence, and ordered that it be withdrawn from the record. The state court also did not allow petitioner's habeas counsel to elicit testimony from Richy's father as to whether Butch would come to Missouri to testify. See Resp. Ex. Q at 41.

Applying the statutory test, the Court finds that petitioner lacked the diligence required at the relevant stages in the state proceedings, and has failed to develop the facts under § 2254(e)(2)'s opening clause. This case can be distinguished from cases in which courts have found petitioner and counsel to be diligent in their attempt to develop the factual basis of a claim in state court under § 2254(e)(2), but were thwarted by the prosecutor or the state in their efforts to pursue discovery. See, e.g., United States ex rel. Hampton, 347 F.3d at 233-34 (evidentiary hearing allowed to consider affidavit that was not presented to the state court when the state court had denied petitioner's request for an evidentiary hearing for the purpose of developing the testimony contained in the affidavit); Greer v. Mitchell, 264 F.3d 663, 681 (6th Cir. 2001) (evidentiary hearing allowed when petitioner diligently pursued his ineffective assistance claim in state proceedings, and had two separate requests for hearings to develop evidence refused by state courts). Here, petitioner requested and received

5

an evidentiary hearing before the state court to develop the record with respect to his counsel's failure to rebut evidence that petitioner set Butch Mackey on fire. Counsel introduced testimony of Mr. and Mrs. Mackey, and sought to introduce an affidavit of Richy Mackey. Butch Mackey was not called to testify. Butch Mackey was never deposed, nor did counsel seek to introduce his affidavit into evidence. Petitioner has offered no reason why Butch Mackey's affidavit was not presented during the state proceedings. Nor has he offered a reason why Butch Mackey was not called to testify at the state proceedings.[1]

At the state evidentiary hearing, counsel sought to introduce into evidence the affidavit of Richy Mackey, which was substantially similar to the affidavit presented to this Court by Butch Mackey. The state court sustained the state's objection that the affidavit was hearsay, and withdrew it from the record. Had petitioner sought to expand the record in this federal habeas proceeding to include the affidavit of Richy Mackey, this Court would have found that petitioner failed to develop the factual record in the state court, and therefore could not meet the provisions of § 2254(e)(2). This lack of diligence would have been attributed to petitioner, because he failed in the state proceedings to present the live witness, Richy Mackey, and avoid the state's hearsay objection to the affidavit. Petitioner's motion to expand the record in this federal habeas proceeding to include the substantially similar affidavit of Butch Mackey is troubling to the Court because it attempts an end-run around the state court's ruling denying admittance of the affidavit of Richy Mackey. This is not the purpose of Rule 7 and § 2254(e)(2). See generally Williams, 529 U.S. at 429-38. For the

---

[1] State habeas counsel apparently had intended to call Butch Mackey to testify. See Petitioner's Rule 24.035 Motion to Vacate, Set Aside or Correct Judgment and Sentence, Resp. Ex. L at 246-48 ("Butchie would have testified *and will testify* at an evidentiary hearing to the following evidence . . . .") (emphasis added).

foregoing reasons, the Court finds that petitioner did not make reasonable efforts to sufficiently investigate and present the affidavit of Butch Mackey in state court, and therefore he has not diligently developed the factual basis for his claim.

Because there was a failure to develop the factual basis of this claim in state court, the Court must determine if the requirements in the remainder of § 2254(e)(2) are satisfied such that petitioner's failure would be excused. Petitioner has not shown that the claims rely on any new rule of constitutional law or a factual predicate that could not have been previously discovered through the exercise of due diligence, and he cannot avoid the statutory bar. See 28 U.S.C. 2254(e)(2)(A). Therefore, in light of § 2254(e)(2) and Rule 7, the Court concludes that petitioner is not entitled to expand the record to include the affidavit of Butch Mackey.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Michael S. Worthington's second motion to expand the record is **DENIED**. [Doc. 53]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 29th day of July, 2008.