# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL S. WORTHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-1102 CAS |
| | ) | |
| DON ROPER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion to expand the record. Petitioner seeks to expand the record to include two documents from the Potosi Correctional Center's Mental Health Services, dated June 30, 2004 and February 9, 2005, respectively, that outline petitioner's treatment plan for mental illness. Respondent opposes the motion, arguing that petitioner cannot meet the requirements of § 2254(e)(2), and the documents are irrelevant. Because the Court finds that the two documents are irrelevant to its federal habeas review, and cumulative of other evidence before the Court, the Court will deny petitioner's motion.

**Background.**

Michael Shane Worthington is a state prisoner, currently incarcerated in the Potosi Correctional Center, under a sentence of death for the murder of Melinda Griffin in October 1995. Petitioner pleaded guilty and was sentenced in the Circuit Court of St. Charles County, Missouri. The Missouri Supreme Court affirmed his sentence on direct appeal, and petitioner filed a motion for post conviction relief. The trial court held an evidentiary hearing on petitioner's post conviction motion in January 2002. In May 2003, the motion for post conviction relief was denied. Worthington appealed. The Missouri Supreme Court affirmed the denial of post conviction relief.

See Worthington v. State, 166 S.W.3d 566 (Mo. banc 2005).

In August 2006, petitioner filed an application for a writ of habeas corpus, 28 U.S.C. § 2254, asserting seven claims for relief. Claim No. 1 alleges, inter alia, that petitioner was denied his rights to effective assistance of counsel because his attorneys did not conduct an adequate investigation and present available evidence regarding his mental illness. Petitioner states that had counsel investigated and presented such evidence, he would have had a viable guilt phase defense of diminished capacity, and compelling mitigating evidence at the sentencing phase of the trial. In his motion to expand the record, petitioner seeks to include two documents from his prison mental health files that reflect that in 2004 and 2005 petitioner was diagnosed by prison doctors with bipolar disorder and ADHD.

**Discussion.**

Rule 7 of the Rules Governing § 2254 Cases authorizes a federal habeas court to expand the record to include additional material relevant to the petition. Rule 7 provides: "The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath, to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record." Rule 7(b), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Section 2254(e)(2), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, limits a petitioner's ability to present new evidence through a Rule 7 motion to expand the record to the same extent that it limits the availability of an evidentiary hearing. See Mark v. Ault, 498 F.3d 775, 788 (8th Cir. 2007); see also 28 U.S.C. § 2254(e)(2).

Petitioner's Claim No. 1 asserts counsel was ineffective for failing to investigate and present evidence of petitioner's mental illness. Petitioner claims that prior to his guilty plea, trial counsel hired Dr. Kevin Miller to perform a psychiatric evaluation. Among other diagnoses, Dr. Miller

2

diagnosed petitioner with ADHD, and stated that further evaluation was needed to rule out bipolar disorder. Petitioner states that counsel failed to provide Dr. Miller with any meaningful records regarding petitioner's social and medical history, and therefore, Dr. Miller could not accurately assess petitioner's full mental disorders. Rule 24.035 counsel conducted a thorough investigation and uncovered and produced thousands of pages of records that were provided to three post conviction mental health experts: Dr. Jonathon Henry Pincus, Dr. Dennis George Cowan, and Dr. Robert Smith. Each of these doctors diagnosed petitioner with, among other diagnoses, ADHD and bipolar disorder.

In response to this claim, the state argues that trial counsel did a thorough and competent investigation into petitioner's social and medical history. Additionally, even if the investigation was subpar, the state argues that the Missouri Supreme Court reasonably concluded petitioner was not prejudiced. The state points to studies that have shown that evidence of mental illness often causes courts to impose higher sentences. Also, respondent argues that further testimony as to petitioner's mental illness could have supported the state's expert, Dr. Givon's, diagnosis of malingering, i.e., feigning illness. "That is because it is improbable that any one person would suffer from so many serious mental illnesses as Worthington's postconviction experts said he suffers from, especially given that no prior psychologist or psychiatrist had so diagnosed Worthington." (Resp't Resp. to Pet. (Doc. 22) at 18).

Petitioner seeks to expand the record to include documents from the Potosi Correctional Center that reflect that petitioner was diagnosed by prison doctors as suffering bipolar disorder and ADHD in 2004 and 2005. The Court will deny the motion because the additional evidence is irrelevant to its determination of Claim No. 1. Whether petitioner actually suffers from ADHD or

3

bipolar disorder is not the issue.[1]  Rather, the issue is whether trial counsel was ineffective for failing to adequately investigate and present mitigating evidence of petitioner's mental illness.  Even more to the point, the issue for this Court is whether the state court's rejection of Claim No. 1 was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented during the state proceedings.  28 U.S.C. § 2254(d)(2); see also Ford v. Bowersox, 256 F.3d 783, 785-86 (8th Cir. 2001).

Petitioner's argument that he needs to rebut the state's assertion that petitioner was feigning mental illness also is not persuasive.  The state is not necessarily claiming that petitioner was feigning mental illness.  Rather, the state is asserting that petitioner cannot show he was prejudiced by any failure of counsel to present additional evidence of mental illness, because this evidence might have backfired on petitioner.  This evidence could have bolstered Dr. Givon's diagnosis that petitioner was malingering, which the state argues would support a more severe sentence.  The underlying truth of whether petitioner was actually malingering is irrelevant in the context of this federal habeas corpus proceeding.

Additionally, these documents are cumulative of the evidence before the post conviction court.  All three experts retained by post conviction counsel evaluated petitioner, and all three diagnosed him with ADHD and bipolar disorder.  Although the Missouri Supreme Court found that the motion court was not required to believe these doctors' diagnoses, this Court's review of the state

---

[1]Even if the accuracy of the diagnosis was at issue in this Court, the fact that petitioner was diagnosed with these conditions in 2004 and 2005—nearly a decade after he committed the crimes—has little relevance to whether petitioner suffered these conditions at the time he committed the crimes.

4

court's determination is limited to deciding whether that determination was contrary to clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented during the state proceedings. As such, evidence of petitioner's prison medical records from 2004 and 2005 is not relevant.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Michael S. Worthington's motion to expand the record is **DENIED**. [Doc. 43]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of August, 2008.