# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL S. WORTHINGTON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DON ROPER, )<br>)<br>Respondent. ) | No. 4:05-CV-1102 CAS |

### MEMORANDUM AND ORDER

Pending before the Court is petitioner's motion to clarify and expand the certificate of appealability issued in this case on March 27, 2009. Respondent failed to respond to petitioner's motion, and the time to do so has expired. For the following reasons, petitioner's motion will be granted, in part, and denied, in part.

*Background*

On July 15, 2005, petitioner, who was under a sentence of death by the State of Missouri, filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. In his petition, petitioner raised seven (7) claims, many of which raised a number of different grounds for relief.

On March 27, 2009, the Court granted petitioner habeas relief on the sole ground that he received ineffective assistance of trial counsel in violation of the Constitution in that his attorneys failed to do an adequate investigation of petitioner's background and medical history and sufficiently prepare defense expert witnesses; and, as a result, there was a reasonable probability that the outcome of the penalty hearing would have been different had he received effective assistance of counsel in this respect. All other claims for relief were denied. The Court vacated petitioner's death sentence, and

ordered that he be sentenced to life in prison without the possibility of parole or be given a new penalty hearing.

In issuing the writ of habeas corpus, the Court also granted a certificate of appealability. The Court ordered "that a certificate of appealability is granted as to petitioner's claims of ineffective assistance of counsel for failure to object to penalty phase witness Charlotte Peroti and failure to investigate only." [Doc. 75] It is this certificate of appealability petitioner seeks to have clarified and expanded.

*Discussion*

Under 28 U.S.C. § 2253, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate that 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 222, 336 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Petitioner seeks to have the certificate of appealability already entered in this case expanded to encompass the issues he raised in Claim Three of his petition. Petitioner argues it is debatable whether he established a Brady violation based on the fact that the prosecution failed to disclose Ms. Peroti's prior bad check convictions and the fact she was not an undercover agent for the police. Petitioner also argues that it is debatable whether the Court erred in denying his request for discovery in regard to Ms. Peroti. The Court finds these issues are not debatable. Reasonable jurists would not

2

agree that Claim Three should have been decided in a different manner, or that petitioner was entitled to discovery as to the issues raised in Claim Three. Therefore, the Court declines to expand the certificate of appealability in this regard.

As for petitioner's request that the certificate of appealability issued in this case be clarified, the Court agrees that the language of the certificate could have been written more clearly. The Court intended that a certificate of appealability be granted as to the following issues only: (1) whether petitioner was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel in that his attorneys failed to conduct an adequate investigation and present available mitigating evidence regarding his background and social and medical history at the penalty hearing (Subsection III.A.4.a of the March 27, 2009 Memorandum and Order); and (2) whether petitioner was denied his Sixth, Eighth and Fourteenth Amendment rights to the effective assistance of counsel because his attorneys failed to investigate and object to penalty phase witness Charlotte Peroti (Subsection III.B.1.b of the March 27, 2009 Memorandum and Order). The Court did not intend the certificate of appealability to extend to all of petitioner's claims of ineffective assistance of counsel for failure to investigate that were raised in Claims One and Two of the petition. The Court does not find that reasonable jurists could find that the outcome of the guilt phase would have been different had petitioner's attorneys conducted an adequate investigation, or that petitioner was prejudiced by his trial counsel's failure to investigate and rebut evidence of petitioner's prior acts, such as his jail misconduct and whether he set Butch Mackey on fire as a youth. Thus, to the extent petitioner seeks to have the certificate of appealability amended to extend to these claims, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to clarify and expand the certificate

of appealability is **GRANTED in part** and **DENIED in part.** The motion is granted to the extent the Court will make the clarifications noted in the body of this Memorandum and Order. Petitioner's motion is denied in all other respects. [Doc. 80]

An appropriate Amended Certificate of Appealability will issue and accompany this Memorandum and Order.

                                                  **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this   29th   day of April 2009.